UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN R. KNISLEY,<br><br>        Petitioner,<br><br>    v.<br><br>RANDY GROUNDS, Warden,<br><br>        Respondent. | No. CV 12-2558 GAF (FFM)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNEXHAUSTED |

      Petitioner, a prisoner in state custody proceeding *pro se*, constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition" or "Pet.") on or about March 10, 2012.[2] Petitioner challenges a 2010 conviction and sentence for cultivation of marijuana. (Pet. at 2 of 10.) Petitioner alleges that he filed a petition for writ of habeas corpus in the California Supreme Court, which was

---

[1]     A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

[2]     The Petition does not contain a proof of service. However, the Petition bears a date of execution of March 10, 2012. The Court assumes, without deciding, that petitioner delivered the Petition to authorities for mailing on or about the date it was executed.

summarily denied on September 14, 2011.  (*Id*. at 4 of 10.)  Petitioner further alleges that he raised every claim present herein to the California Supreme Court in that habeas petition.  (*Id*. at 5 of 10.)

On September 7, 2012, respondent filed a Return to the Petition.  In the Return, respondent argues that the Petition is wholly unexhausted.  Absent certain exceptions explained below, the Court cannot consider a fully unexhausted petition.  Therefore, the Court issues this Order to Show Cause to provide petitioner with an opportunity to demonstrate that he has exhausted his claims or that one of the exceptions to the exhaustion requirement is applicable.

**1.    FAILURE TO EXHAUST**

  A.    <u>The Court may not consider a petition that includes unexhausted claims.</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the petitioner has fully exhausted available state court remedies with respect to each of the issues presented, or, unlike the instant case, the state has expressly waived the exhaustion issue.  *See* 28 U.S.C. §§ 2254(b), (c); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 839, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Rose v. Lundy,* 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Duncan v. Henry,* 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).  State remedies have been exhausted if a petitioner has "fairly presented" each federal claim to the highest state court with jurisdiction to review it, and a claim has been "fairly presented" if a petitioner has set forth both the operative facts and the federal legal theory on which the claim is based.  *See, e.g., Duncan,* 513 U.S. at 365-66; *Anderson v. Harless,* 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor,* 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  Thus, "for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific

federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). A petitioner may also alert the state court to the federal basis of his claim by citing "a case deciding such a claim on federal grounds . . . ." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004); *Davis*, 511 F.3d at 1011.

The petitioner has the burden of demonstrating that he has exhausted available state remedies. *See*, *e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982). However, the Ninth Circuit has held that, for purposes of exhaustion, *pro se* petitions are held to a more lenient standard than counseled petitions. *See Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003); *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003).

B. <u>The Petition appears to be unexhausted.</u>

Respondent has demonstrated that petitioner's habeas petition in the California Supreme Court was denied with a citation to *In re Swain*, 34 Cal. 2d 300, 304 (1949) and *People v. Duvall*, 9 Cal 4th 464, 474 (1995). The citation to these authorities indicates that the Supreme Court found the petition to be procedurally defective. Such a dismissal generally allows the petitioner to file another petition that has remedied the procedural deficiencies.

"If [the California Supreme Court] denies a petition for post conviction relief on procedural grounds, the petitioner has not exhausted his state remedies." *Harris v. Superior Ct.*, 500 F.2d 1124, 1126 (9th Cir. 1974). Therefore the Petition appears to be unexhausted.

///
///
///
///
///

      **C.    Neither exception to the exhaustion requirement appears to be applicable.**

AEDPA provides that the Court may consider an unexhausted claim if "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Thus, if it were clear here that petitioner's unexhausted claim was procedurally barred under state law, then the exhaustion requirement would be satisfied. *See Castille v. Peoples*, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Johnson v. Zenon*, 88 F.3d 828, 831 (9th Cir. 1996). However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted claims are procedurally barred under state law, if petitioner were to raise them in a habeas petition to the California Supreme Court (which, being an original proceeding, is not subject to the same timeliness requirement as a petition for review of a California Court of Appeal decision). *See*, *e.g.*, *In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claimed sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).

**2.    ORDER TO SHOW CAUSE**

Prior to dismissing the Petition as unexhausted, the Court will provide petitioner with an opportunity either to (1) demonstrate that despite the citation to *Swain* and *Duvall*, petitioner did fairly present his federal claims to the California Supreme Court (*see, e.g., Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986); or (2) one of the exceptions to the exhaustion requirement is applicable.

The Court orders petitioner to show cause in writing within 20 days of the date of this order why the Petition should not be dismissed for failure to exhaust.

///

1  If petitioner fails to provide a timely response to this order, the Court will
2  recommend that the Petition be dismissed without prejudice for failure to exhaust.
3  IT IS SO ORDERED.

5  DATED: September 27, 2012

                                              /S/ FREDERICK F. MUMM
                                               FREDERICK F. MUMM
                                          United States Magistrate Judge